B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Northern District of Illinois
**Case No. 11–11060**
**Chapter 7**

In re: Debtor (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

   Ingrid W. Rubi
   527 Ida Court
   Apt J–106
   Mount Prospect, IL 60056

Social Security / Individual Taxpayer ID No.:
   xxx–xx–2694

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

     It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

                                                    FOR THE COURT

Dated: <u>June 13, 2011</u>                               <u>Kenneth S. Gardner, Clerk</u>
                                                             United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor.*[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                    Case No. 11-11060-JBS
Ingrid W. Rubi                                                            Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1     User: mjerdine          Page 1 of 1           Date Rcvd: Jun 13, 2011
                         Form ID: b18            Total Noticed: 15

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 15, 2011.
```
db          +Ingrid W. Rubi,    527 Ida Court,    Apt J-106,    Mount Prospect, IL 60056-6910
aty         +David M Siegel,    David M. Siegel & Associates,    790 Chaddick Drive,    Wheeling, IL 60090-6005
16972513    +Advocate Medical Group,    701 Lee St.,    Des Plaines, IL 60016-4539
16972515    +Bank of America,    PO Box 45144,    Jacksonville, FL 32232-5144
16972518    +Brittany Place Condominium Assoc.,    c/o Kovitz Shifrin Nesbit,    750 W. Lake Cook Road, Ste. 350,
              Buffalo Grove, IL 60089-2088
16972520    +Codilis & Associates,    15W030 N. Frontage Rd.,    Suite 100,    Burr Ridge, IL 60527-6921
16972523     Kohl/Chase(Kohl's Department Store),    Attn: Bankruptcy Department,    N54W 17000 Ridgewood Drive,
              Menomonee Falls, WI 53051
16972524    +Lutheran General Hospital,    1775 Dempster,    Park Ridge, IL 60068-1174
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
tr          +EDI: QGSZILAGYI.COM Jun 13 2011 23:03:00      Gregg Szilagyi,    542 South Dearborn Street,
              Suite 1060,    Chicago, IL 60605-1567
16972514     EDI: AGFINANCE.COM Jun 13 2011 23:03:00      American General,    Visionplus Inhouse Payment,
              600 N. Royal Ave,    Evansville, IN 47715
16972516    +EDI: BANKAMER.COM Jun 13 2011 23:03:00      Bank of America,    Bankruptcy Department,
              4161 Piedmont Parkway,    Greensboro, NC 27410-8110
16972517    +EDI: HFC.COM Jun 13 2011 23:03:00      Benfcl/HFC,    P.O. Box 1547,    Chesapeake, VA 23327-1547
16972519    +EDI: CHASE.COM Jun 13 2011 23:03:00      Chase,    201 N. Walnut St./DE1-1027,
              Wilmington, DE 19801-2920
16972521     EDI: DISCOVER.COM Jun 13 2011 23:03:00      Discover Card,    PO Box 15316,    Att: CMS/Prod Develop,
              Wilmington, DE 19850
16972522    +EDI: HFC.COM Jun 13 2011 23:03:00      HSBC/Carson,    Bankruptcy Department,    PO Box 15521,
              Wilmington, DE 19850-5521
                                                                                              TOTAL: 7
```

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jun 15, 2011          Signature:    _Joseph Speetjens_